IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| PETER W. ANDERSON, JR., | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 3:20-cv-5-CRS |
| CHARTER COMMUNICATIONS AND CHRISTOPHER CORNETT | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Charter Communications, Inc. d/b/a Spectrum ("Charter") hereby removes the above-entitled case from the Circuit Court for Jefferson County, Kentucky to the United States District Court for the Western District of Kentucky, Louisville Division. In support of this Notice, Charter states as follows:

1. On December 4, 2019, Plaintiff commenced a civil action denominated as *Peter W. Anderson v. Charter Communications D/B/A Spectrum and Christopher Cornett*, Case No. 19-CI-007574 (the "Complaint") in the Circuit Court for Jefferson County, Kentucky.

2. On December 5, 2019, Charter was served with the Complaint via certified mail received on that date by Corporation Service Company, Charter's registered agent for service of process in Kentucky.

3. Upon knowledge and belief, Plaintiff has not lawfully served Defendant Christopher Cornett ("Cornett") with the Complaint, or otherwise joined him in this lawsuit.

1

## II. THE COURT HAS DIVERSITY JURISDICTION OVER THIS LAWSUIT

4. The Court has jurisdiction over this civil lawsuit because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

### A. The Parties Are Citizens of Different States

5. Upon information and belief, and at all times relevant to this action, Plaintiff has been a resident of Kentucky and a citizen of the State of Kentucky for purposes of this Court's jurisdiction. *See* Complaint ("Compl.") at ¶1, attached as Exhibit A.

6. Charter is a corporation incorporated in the State of Delaware.

7. Charter's home office is located in Stamford, Connecticut, where Charter's high level officers direct, control, and coordinate Charter's activities. Accordingly, Charter's principal place of business is in Stamford, Connecticut. *See Main v. Rio Tinto Alcan Inc.*, No. 4:12-CV-00110-JHM, 2013 WL 228526, at *2 (W.D. Ky. Jan. 22, 2013).

8. As a result, Charter is a citizen of Delaware and Connecticut for purposes of 28 U.S.C. §1332 and 28 U.S.C. § 1441.

9. Cornett is and has been, at all times relevant to this action, a resident of Indiana and a citizen of the State of Indiana for purposes of this Court's jurisdiction. *See* Exhibit A, Compl., ¶3.

10. There is complete diversity of citizenship because Plaintiff is a Kentucky citizen, and Charter and Cornett are citizens of foreign states. *See* 28 U.S.C. § 1332(a).

### B. The Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs

11. The amount in controversy requirement under 28 U.S.C. § 1332(a) requires the matter in controversy to exceed the sum or value of $75,000, exclusive of interest and costs.

12.     Plaintiff filed this lawsuit seeking compensatory damages for injuries he allegedly sustained, including "lost wages, benefits, perks, personal financial loss, mental pain and suffering, embarrassment, and mortification of feelings." *See* Exhibit A, Compl., ¶¶49-50; 75. Plaintiff also seeks punitive damages from Charter. *See id.*, ¶¶70, 76.

13.     Plaintiff was a full-time employee of Charter from March 1, 2002 until December 20, 2018. In 2018, Plaintiff's annual, pre-tax income from Charter was $77,704.10, plus benefits. Back pay is a potentially recoverable damage for wrongful termination claims in Kentucky. *Dollar Gen. Partners v. Upchurch*, 214 S.W.3d 910, 918 (Ky. Ct. App. 2006). "Back pay includes all damages incurred as a result of the wrongful termination until the date of trial and is distinctively different from front pay." *Id.* Indeed, "[c]ourts have noted that '[b]ack pay accrued through the projected trial date is properly included in the amount-in-controversy calculation where ... the plaintiff seeks past and future wages.'" *Id.* (internal citations omitted) (quoting *Blocker v. PPG Indus., Inc.*, No. 3:17-CV-29-DJH, 2017 WL 3431136, at *3 (W.D. Ky. Aug. 9, 2017)). Here, in support of his wrongful termination claim, Plaintiff has requested "damages in the form of lost wages, benefits, perks . . . .". Thus, Plaintiff's alleged back pay damages which, at the time of filing this Notice includes over one year of lost wages and benefits, are at least $77,704.10. Accordingly, the amount in controversy, particularly the amount in controversy through trial, clearly exceeds $75,000 in back pay alone. *See Offutt v. Kemper Corp.*, No. 3:18-CV-00438-RGJ, 2019 WL 1427558, at *3 (W.D. Ky. Mar. 29, 2019).

14.     Plaintiff also requests damages for emotional distress, pain and suffering, and punitive damages, which are recoverable under several of Plaintiff's claims. *See* Exhibit A, Compl., ¶¶41, 51, 57, 70, 75, 76, 81, 86, 97, 108, 117, 122. Compensatory damages for emotional distress and pain and suffering are potentially recoverable under several of Plaintiff's

3

claims. *Burgess v. Taylor*, 44 S.W.3d 806, 810 (Ky. Ct. App. 2001). Punitive damages are also recoverable under several of Plaintiff's claims. *Burton v. Swicker and Assoc's, PSC*, 978 F.Supp.2d 759, 773 (E.D. Ky. 2013); *Burgess*, 44 S.W.3d at 810.

15. Given Plaintiff's claims for lost wages, which alone exceed $75,000, Plaintiff's requests for emotional distress, pain and suffering, and punitive damages further demonstrate that the amount in controversy exceeds the $75,000 minimum threshold. *See Offutt*, 2019 WL 1427558, at *3; *see also Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 473 (6th Cir. 2019) (noting "even a 2:1 ratio of punitive damages to compensatory damages would place the amount in controversy in [Plaintiff's] case well over $90,000, irrespective of attorneys' fees and any other damages to which [Plaintiff] claims he would be entitled.").

### III.  ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET

16. The United States District Court for the Western District of Kentucky, Louisville Division is the appropriate venue for removal of Plaintiff's state court action pursuant to 28 U.S.C. § 1441, which permits any civil action brought in any state court in which the District Courts of the United States have original jurisdiction to be removed to the District Court of the United States for the district and division embracing the place where the state court action is pending.

17. On December 5, 2019, Plaintiff served Charter with the Complaint. Pursuant to 28 U.S.C. §1446(b), Charter timely files this Notice of Removal within 30 days after service of the Complaint on Charter.

18. Pursuant to 28 U.S.C. § 1446(a), Charter attaches a copy of Plaintiff's Summons and Complaint, as well as the Certificate of Service of the Summons and Complaint filed with

the state court, as Exhibit A. Exhibit A constitutes all process, pleadings, and orders filed with the state court.

19. Pursuant to 28 U.S.C. § 1446(d), prompt written notice of this Notice of Removal is being sent to Plaintiff through her counsel and to the Clerk of Court for the Jefferson County, Kentucky Circuit Court.  Copies of the notices are attached hereto as Exhibit B.

20. Charter submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pled claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever (or that the damages he seeks may be properly sought).

21. Charter reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant Charter Communications, Inc. d/b/a Spectrum prays that the above-referenced action now pending in the Circuit Court for Jefferson County, Kentucky, Civil Action No. 19-CI-007574, be removed in its entirety to this Court, as provided by law, and pursuant to 28 U.S.C. § 1446(d), that the Circuit Court for Jefferson County, Kentucky proceed no further unless and until the case is remanded.

Respectfully submitted,

BINGHAM GREENEBAUM DOLL LLP

By: */s/ Kimberly J. O'Donnell*
Kimberly J. O'Donnell, Bar No.: 92637
Sarah T. Laren, Bar No.:  95770
300 West Vine Street, Suite 1200
Lexington, KY 40507
Phone: (859) 288-4696
Facsimile: (859) 255-2742
Email: kodonnell@bgdlegal.com
          slaren@bgdlegal.com

*Local Counsel for Defendant Charter*

*Communications, Inc.*

HUSCH BLACKWELL LLP

Anthony Grice, Bar No.: MO61929
190 Caronodelet Plaza, Suite 600
St. Louis, MO 63105
Phone:  (314) 480-1722
Facsimile:  (314) 480-1505
Email:  anthony.grice@huschblackwell.com

Larissa Whittingham, Bar No.: MO69417
901 St. Louis Street, Suite 1800
Springfield, MO 65806
Phone:  (417) 268-4031
Facsimile:  (417) 268-4040
Email:  larissa.whittingham@huschblackwell.com

*Lead Counsel for Defendant Charter Communications, Inc.*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies the foregoing NOTICE OF REMOVAL was filed via the Court's CM/ECF System on this 3rd day of January, 2020, and served via first class mail, postage prepaid, with a courtesy copy via email upon:

Nader George Shunnarah
Kentucky Home Life Building, Suite 1800
239 S. 5th Street
Louisville, KY 40202
Phone: (502) 587-7919
Email: shunnarahlaw@gmail.com

*Attorney for Plaintiff*

                                          */s/ Kimberly J. O'Donnell*