Filed    Case 3:20-cv-00005-CRS   Document 1-2   Filed 01/03/20   Page 1 of 45 PageID #: 8
19-CI-007574    12/02/2019    David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
01/02/2020 08:35:33 AM
58310-2

CASE NO.                      JEFFERSON COUNTY CIRCUIT COURT
                                      DIVISION _____ (__)

PETER W. ANDERSON, JR.                         PLAINTIFF

V

CHARTER COMMUNICATIONS
D/B/A SPECTRUM
112405 Powerscourt Drive
St. Louis, MO 63131

       Serve:   Corporation Service Company
               421 WEST MAIN STREET
               FRANKFORT, KY 40601
And

CHRISTOPHER CORNETT                        DEFENDANTS
229 Butler Ave.
Apt. 231
Charlestown, IN 47111

## COMPLAINT

Comes the Plaintiff, Peter W. Anderson, JR., by counsel, and for his Complaint against Defendants Charter Communications, d/b/a Spectrum and Christopher Cornett, herein states as follows:

## **PARTIES**

1. Plaintiff was at all times pertinent a resident of and domiciled in Louisville, Jefferson County, Kentucky.

2. The Defendant, Charter Communications, LLC, doing business as Spectrum (hereafter "Charter") is a Delaware limited liability company registered as a foreign corporation authorized to do business in the Commonwealth of Kentucky, with its principal office and/or place of business located at 12405 Powerscourt Drive, St. Louis, Missouri 6313. Defendant Charter maintains an office at 10300 Ormsby Park Place, Louisville, Jefferson County, Kentucky 40223.

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

COM : 000001 of 000019

Filed          19-CI-007574     12/02/2019          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
01/02/2020 08:35:33 AM
58310-2

3.   At all times pertinent Defendant Christopher Cornett was a resident Charlestown, Clark County, Indiana.  Defendant Cornett was an employee of Defendant Charter.

## JURISDICTION AND VENUE

4.   Plaintiff's damages exceed the jurisdictional prerequisite of Circuit Court, the specific amount to be proven at trial.

5.   The events that give rise to this cause of action arose in Jefferson County, Kentucky, therefore, subject matter jurisdiction and venue are proper in the Jefferson Circuit Courts.

6.   Jefferson Circuit Court has personal jurisdiction over the Defendant Charter Communications pursuant to the Kentucky Long-Arm Statute, Chapter 452, on the grounds that Defendant Charter regularly transacted business in Jefferson County, Kentucky, entered into contracts in the Commonwealth of Kentucky, committed torts in the Commonwealth of Kentucky, and otherwise has substantial contacts with the Commonwealth and forum.

7.   Jefferson Circuit Court has personal jurisdiction over Christopher Cornett also pursuant to the Kentucky Long-Arm Statute, Chapter 452, on the grounds that Mr. Cornett was employed by Charter in Jefferson County, Kentucky, he transacted business in Jefferson County, Kentucky, and he committed torts in Jefferson County, Kentucky, and otherwise has substantial contacts with the Commonwealth and forum.

## FACTUAL ALLEGATIONS

7.   Plaintiff was a contract employee at Charter Communications between July 2001 and December 2018, having eighteen (18) years of continuous employment with the company and sixteen and one-half (16.5) years remaining until retirement.

8.   Plaintiff was a Network Operations Manager with Charter at their office located at 10300 Ormsby Park Place, Louisville, KY 40202.

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

COM : 000002 of 000019

2

NOT ORIGINAL DOCUMENT
01/02/2020 08:35:33 AM
58310-2

9.  On or about the morning of November 30, 2018 Defendant Cornett reported to Plaintiff that he "quit" and turned in his employment badge. Defendant Cornett was Plaintiff's direct report. A witness observed and overheard this exchange.

10. Plaintiff immediately notified his Senior Manager, Khalil Johnson, and Heather Carson in the company's Human Resource department, via email.

11. Plaintiff then went to the Human Resource office and turned in Defendant Cornett's badge and explained what happened.  He was instructed to contact the help desk to get Defendant Cornett's access terminated.

12. Plaintiff complied with the instructions and emphasized to agents of Charter's help desk that until access was terminated Defendant Cornett could still access the network and tools.

13. Plaintiff was told that a manager was handling the termination of access personally and it would be completed shortly.

14. Plaintiff then reported the situation to his Director, Phil Geeverghese, Senior Manager Jerry Mascho, and Manager Michael Dumberg, confirming he had already spoken to the help desk to get Defendant Cornett's access terminated.

15. On or about 7:15 P.M. that same day, nearly twelve hours after Charter's managers and other agents were informed of Defendant Cornett's termination and risk of access, Plaintiff was notified by Manager Matt Loomis about an email sent by Defendant Cornett to the entire department at or about 6:15 P.M.

16. Based upon all knowledge and belief, at that time, because no action by Charter was taken to terminate Defendant Cornett's privileges to Charter's systems despite the relatively long passage of time, he was still an employee and agent of Charter.

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

COM : 000003 of 000019

3

Case 3:20-cv-00005-CRS    Document 1-2    Filed 01/03/20    Page 4 of 45 PageID #: 11

NOT ORIGINAL DOCUMENT
01/02/2020 08:35:33 AM
58310-2

17. Said email, from all information and belief, contained allegations by Defendant Cornett that Plaintiff bullied, manipulated, and threatened his job by using a "recruit", in addition to other falsehoods.

18. Plaintiff never undertook such actions.

19. Based upon all evidence and belief Defendant Charter has an "open door" policy and Defendant Cornett could have or did bring any and all grievances to any manager.

20. Plaintiff was informed by the helpdesk employee he had spoken to earlier that someone from Human Resources had to make a request to terminate access. Heather Carson in Human Resources confirmed the need for Defendant Cornett's access to be terminated.

21. Defendant Charter did not terminate the privileges of an employee who quit on November 30, 2018 and as a result allegation made against the Plaintiff were disseminated to many employees of Charter, causing significant embarrassment for the Plaintiff. Plaintiff only learned of this conduct when a coworkers texted Plaintiff about Defendant Cornett's action.

22. On or about December 4, 2018 Plaintiff was informed via phone call by Director Phil Geeverghese and Madeline Harrel that Plaintiff was suspended by Human Resources pending an investigation. Despite not promptly terminating said employee's email and access privileges after being told that Defendant Cornett had "quit" and turned in his badge, Plaintiff's privileges were suspended almost immediately.

23. At no time during any of the time periods stated was Plaintiff questioned about any alleged misconduct.

24. On or about 2:15 P.M. on December 20, 2018 Director Phil Geeverghese informed Plaintiff via phone call that Plaintiff was being terminated effective December 21, 2018.

COM : 000004 of 000019

Filed          19-CI-007574   12/02/2019          David L. Nicholson, Jefferson Circuit Clerk

01/02/2020 08:35:33 AM
58310-2

25. The only reason for termination that Plaintiff was given was a violation of company policy regarding offensive language.  No formal report or documentation was provided, and no specific instance was given.

26. The manner and fashion in which Plaintiff was terminated was well beyond the acceptable boundaries of decent behavior by a business.

27. Following his termination, Plaintiff has learned that defamatory statements regarding misconduct by the Plaintiff were being disseminated to Defendant's employees, and beyond, as the reason for his termination.  Defendant does not know the specific content of these emails, which he believes have been disseminated beyond the boundaries of Defendant Charter's employees and into the Information Technology community at large.

28. Since Plaintiff's termination, false statements regarding his character and termination have been disseminated among Charter's employees, Plaintiff's former coworkers, including materials of misconduct by the Plaintiff.  Such dissemination has also spread beyond Charter and into the broader community of the Plaintiff's profession.  Plaintiff does not know the content and extent of the communications that continue to defame his name, and discovery is necessary to proceed further.

29. Because of the actions of Defendants, Plaintiff, given the nature of his specific field, has been unable to obtain comparable employment.  His reputation in the community has been permanently tarnished and he will not be able to obtain employment and opportunities as he would absent Defendant Cornett's defamatory statements and Defendant Charter's failure to prevent the statements from being proliferated throughout the community and wrongful termination of Plaintiff.

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

COM : 000005 of 000019

Filed          19-CI-007574   12/02/2019          David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
01/02/2020 08:35:33 AM
58310-2

30. Plaintiff has suffered extensive damages, both mentally and emotionally, as well as to his reputation, which has resulted in great difficulty in obtaining employment.

31. Plaintiff attempted to obtain his record of employment, through counsel, but was informed by Jennifer N. Page, Manager of Legal Services – Labor and Employment for Charter, that records had to be subpoenaed.  A copy of the correspondence is attached hereto.

32. Nevertheless, based upon all information and belief available to Plaintiff, there exists sufficient evidence of wrongdoing by Defendants that warrants this cause of action.

33. Plaintiff is thus forced to file this cause of action, in order to subpoena the necessary records, including his employment contract, prove the claims below, and recover for damages. Defendant Charter forced Plaintiff's hand in filing this Complaint.

34. Because Plaintiff would require a full copy of his employment record, including all documentation pertaining to this incident and his termination, and all documentation and correspondence that has been or is currently under control of Defendant Charter Communications that pertains to Plaintiff, he reserves the right to amend this Complaint to incorporate new facts and causes of action in addition to those listed herein.

35. Plaintiff claims the following causes of action for damages:

<div align="center">

**COUNT I**
**WRONGFUL TERMINATION**
**BY CHARTER**

</div>

36. Plaintiff repeats and incorporates herein by reference the averments in the preceding paragraphs of this Complaint as if reprinted herein.

37. Plaintiff had a contract of employment with Defendant Charter.

38. Plaintiff was terminated from his employment for causes not stipulated in the contract.

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

COM : 000006 of 000019

6

Filed          19-CI-007574     12/02/2019          David L. Nicholson, Jefferson Circuit Clerk          NOT ORIGINAL DOCUMENT
01/02/2020 08:35:33 AM
58310-2

39. Defendant's termination of Plaintiff's employment was contrary to one or more fundamental and well-defined public policies evidenced by constitutional and/or statutory laws in the Commonwealth of Kentucky regarding employment.

40. Plaintiff was wrongfully terminated under Kentucky law, entitling Plaintiff for compensatory damages for the suffer and continuing loss, harm, and damages in the form of lost wages, benefits, perks, personal financial loss, mental pain and suffering, embarrassment, and mortification of feelings, and is thus entitled to compensatory damages that satisfies the jurisdictional prerequisite of this Circuit Court, the specific amount to be proven at trial.

41. Further, the conduct of the defendant was so malicious, willful, wanton and oppressive that it justifies the award of punitive damages in an amount to be determined at trial.

<div align="center">

**COUNT II**
**DEFAMATION**
**BY CHARTER**

</div>

42. Plaintiff repeats and incorporates herein by reference the averments in the preceding paragraphs of this Complaint as if reprinted herein.

43. Defendant Charter failed to terminate Defendant Cornett's access, allowing him to send defamatory statements to Plaintiff's coworkers via Defendant Charter's tools and property.

44. After Plaintiff's termination, Defendant Charter made false statements, knowing they were false, alleging misconduct on the part of the Plaintiff relating to the cause of his termination. These statements were published by electronic mail within and beyond Charter's communication systems.

45. Defendant Charter published defamatory language about the Plaintiff acted with reckless disregard in spreading untruthful statements about the Plaintiff that resulted in harm to Plaintiff.

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

COM : 000007 of 000019

Filed          19-CI-007574     12/02/2019          David L. Nicholson, Jefferson Circuit Clerk

46.  The defamatory language harmed the reputation of the Plaintiff as to lower him in estimation of the community and to deter third persons from associating and dealing with him.

47.  Based upon all current information and belief, the false statements about the Plaintiff, made by Charter, its employees, and dissemination of such statements beyond Charter's systems, was neither unactionable opinion, imprecise, nor rhetorical hyperbole, but were in fact maliciously uttered publications and amount to abuse.

48.  Viewed in the context of the entire collection of emails, the language in the publications can be construed to impute the commission of conduct that is incompatible with their business, trade, or profession of the Plaintiff and Charter, exposed the Plaintiff to public hatred, ridicule, contempt, disgrace, and induced an evil opinion of him in the minds of people. They prejudiced and injured the Plaintiff in his profession, trade, and business.  By charging the Plaintiff in his official capacity with the want of integrity and malfeasance, the publications were a direct attack on the Plaintiff by Charter and its agents.

49.  As a direct and proximate cause of Defendant Charter's actions, Plaintiff was defamed, and his reputation was injured. Plaintiff has and will continue to suffer loss, harm, and damages in the form of lost wages, benefits, perks, personal financial loss, mental pain and suffering, embarrassment, and mortification of feelings, which will continue to affect his daily life.

50.  Plaintiff is thus entitled to compensatory damages that satisfies the jurisdictional prerequisite of this Circuit Court, the specific amount to be proven at trial.

51.  Further, the conduct of the defendant was so malicious, willful, wanton and oppressive that it justifies the award of punitive damages in an amount to be determined at trial.

## COUNT III
## NEGLIGENT INFLICTION OF EMOTIONALDISTRESS
## BY CHARTER

8

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

COM : 000008 of 000019

NOT ORIGINAL DOCUMENT
01/02/2020 08:35:33 AM
58310-2

52.  Plaintiff repeats and incorporates herein by reference the averments in the preceding paragraphs of this Complaint as if reprinted herein.

53.  Defendant Charter had a duty of care to the Plaintiff.  This duty was to not facilitate emotional harm to the Plaintiff.

54.  This duty included Charter needing to terminate in a reasonable and prompt time Defendant Cornett's access to their systems following notification of his termination of employment.

55.  Defendant Charter failed to terminate Defendant Cornett's access to their systems and tools.  Defendant Cornett was able to access Defendant Charter's systems and send out defamatory statements against Plaintiff to the entire department.

56.  Defendant Charter furthered their breach of duty of care when they continued to permit its management, and other agents to continue the dissemination of false information around Plaintiff's wrongful termination and character to employees of Charter and beyond.

57.  This has resulted in the Plaintiff's character and standing in his professional and personal community to be irreparably damaged, causing him severe emotional injury.

58.  As a direct and proximate cause of Defendant Charter's negligence, Plaintiff has and will continue to suffer loss, harm, and damages in the form of mental pain and suffering, embarrassment, and mortification of feelings, the effects of which will continue to affect his daily life.

59.  Plaintiff is thus entitled to compensatory damages that satisfies the jurisdictional prerequisite of this Circuit Court, the specific amount to be proven at trial.

60.  Further, the conduct of the defendant was so malicious, willful, wanton and oppressive that it justifies the award of punitive damages in an amount to be determined at trial.

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

COM : 000009 of 000019

## COUNT V
## VIOLATION OF PRIVACY – DISCLOSURE
## BY CHARTER

61. Plaintiff repeats and incorporates herein by reference the averments in the preceding paragraphs of this Complaint as if reprinted herein.

62. Defendant Charter invaded Plaintiff's privacy when it allowed its former employee, Christopher Cornett, to disseminate private information to Charter's employees.

63. The access and dissemination were an unreasonable intrusion upon the of the Plaintiff.

64. The access and dissemination were an unreasonable publicity of the Plaintiff's private life.

65. This communication not that of a privileged nature made by Charter's agent with an interest in communication to another having a corresponding interest.

66. The unreasonable actions by Charter amounted to abuse when they allowed Christopher Cornett to make the communications.

67. The communication was maliciously and falsely uttered, made with malevolence and ill-will.

68. The actions of Defendant Charter were so outrageous, oppressive, malicious, and willful as to warrant the award of punitive damages.

69. As a direct and proximate cause of Defendant Charter's actions, Plaintiff suffered loss, harm, and damages and is thus entitled to compensatory damages that satisfies the jurisdictional prerequisite of this Circuit Court, the specific amount to be proven at trial.

70. Further, the conduct of the defendant was so malicious, willful, wanton and oppressive that it justifies the award of punitive damages in an amount to be determined at trial.

Filed        19-CI-007574    12/02/2019        David L. Nicholson, Jefferson Circuit Clerk   DOCUMENT
01/02/2020 08:35:33 AM
58310-2

## COUNT V
## BREACH OF EXPRESS CONTRACT
## BY CHARTER

71.  Plaintiff repeats and incorporates herein by reference the averments in the preceding paragraphs of this Complaint as if reprinted herein.

72.  Charter failed to adhere to the terms Plaintiff's employment contract.

73.  By terminating Plaintiff in the manner described above Defendant Charter breached their express contract of employment with Plaintiff.

74.  By continuing to permit the spread of false statements about Plaintiff's termination Defendant Charter, through its agents, further breached their express contract of employment with Plaintiff.

75.  As a direct and proximate cause of Defendant Charter's wrongful acts Plaintiff has and will continue to suffer loss, harm, and damages in the form of lost wages, benefits, perks, personal financial loss, mental pain and suffering, embarrassment, and mortification of feelings, and is thus entitled to compensatory damages that satisfies the jurisdictional prerequisite of this Circuit Court, the specific amount to be proven at trial.

76.  Further, the conduct of the defendant was so malicious, willful, wanton and oppressive that it justifies the award of punitive damages in an amount to be determined at trial.

## COUNT VI
## BREACH OF IMPLIED CONTRACT
## BY CHARTER

77.  Plaintiff repeats and incorporates herein by reference the averments in the preceding paragraphs of this Complaint as if reprinted herein.

78.  Plaintiff and Defendant Charter had an implied contract during his employment.

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

COM : 000011 of 000019

11

Filed          19-CI-007574    12/02/2019         David L. Nicholson, Jefferson Circuit Clerk

01/02/2020 08:35:33 AM
58310-2

79.  Defendant Charter breached this implied contract when they mistreated him with suspension of privileges, investigating him, failing to prevent harm to Plaintiff by Charter's agents, and ultimately terminating the Plaintiff's employment in the reprehensible and indecent manner of their conduct.

80.  Defendant Charter, through its agents, breached this implied contract when they continued to permit the dissemination of false information around Plaintiff's wrongful termination and misconduct.

81.  As a direct and proximate cause of Defendant Charter's wrongful acts Plaintiff has and will continue to suffer loss, harm, and damages in the form of lost wages, benefits, perks, personal financial loss, mental pain and suffering, embarrassment, and mortification of feelings, and is thus entitled to compensatory damages that satisfies the jurisdictional prerequisite of this Circuit Court, the specific amount to be proven at trial.

82.  Further, the conduct of the defendant was so malicious, willful, wanton and oppressive that it justifies the award of punitive damages in an amount to be determined at trial.

## COUNT VII
## BREACH OF IMPLIED COVENANT OF GOOD FAITH
### AND FAIR DEALING
### BY CHARTER

83.  Plaintiff repeats and incorporates herein by reference the averments in the preceding paragraphs of this Complaint as if reprinted herein.

84.  Defendant had an implied covenant of good faith and fair dealing with Plaintiff, including a general duty to do no harm.

85.  Defendant breached this covenant when they mistreated him with suspension of privileges, investigating him, failing to prevent harm to Plaintiff by Charter's agents, and ultimately terminating the Plaintiff's employment in the manner that they did.

12

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

COM : 000012 of 000019

Filed          19-CI-007574   12/02/2019          David L. Nicholson, Jefferson Circuit Clerk   DOCUMENT
                                                                    01/02/2020 08:35:33 AM
                                                                    58310-2

86.  As a direct and proximate cause of Defendant Charter's wrongful acts Plaintiff has and

will continue to suffer loss, harm, and damages in the form of lost wages, benefits, perks,

personal financial loss, mental pain and suffering, embarrassment, and mortification of feelings,

and is thus entitled to compensatory damages that satisfies the jurisdictional prerequisite of this

Circuit Court, the specific amount to be proven at trial.

87.  Further, the conduct of the defendant was so malicious, willful, wanton and oppressive

that it justifies the award of punitive damages in an amount to be determined at trial.

### COUNT VIII
### PROMISSORY ESTOPPEL
### BY CHARTER

88.  Plaintiff repeats and incorporates herein by reference the averments in the preceding

paragraphs of this Complaint as if reprinted herein.

89.  Defendant Charter made a promise to Plaintiff.

90.  Defendant Charter utilizes a disciplinary policy of notice and progressive action.

91.  Defendant Charter has a waiver option in their disciplinary policy whereby an

employee's action may be removed from their personnel file if said employee had a valid excuse

for such a waiver.

92.  Defendant Charter publishes and maintains such policies and should thus have

reasonably expected that an employee such as Plaintiff to rely on this promise of potential

waiver.

93.  Defendant Charter afforded no such opportunity for Plaintiff when they summarily and

wrongfully terminated him.

94.  Plaintiff relied upon this promise, to his detriment.

95.  Plaintiff was denied the opportunity to seek a waiver, thus avoiding termination.

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

COM : 000013 of 000019

13

Filed          19-CI-007574      12/02/2019        David L. Nicholson, Jefferson Circuit Clerk          DOCUMENT
                                                                                        01/02/2020 08:35:33 AM
                                                                                        58310-2

96.   Charter utilized unfair practices in their disciplinary policy.

97.   Due to Defendant Charter's failure to honor its promises, the Plaintiff has and will

continue to suffer loss, harm, and damages in the form of lost wages, benefits, perks, personal

financial loss, mental pain and suffering, embarrassment, and mortification of feelings, and is

thus entitled to compensatory damages that satisfies the jurisdictional prerequisite of this Circuit

Court, the specific amount to be proven at trial.

98.   Further, the conduct of the defendant was so malicious, willful, wanton and oppressive

that it justifies the award of punitive damages in an amount to be determined at trial.

<div align="center">

**COUNT IX**
**RETALIATION AND UNLAWFUL DISCHARGE**
**BY CHARTER**

</div>

99. Plaintiff repeats and incorporates herein by reference the averments in the preceding

paragraphs of this Complaint as if reprinted herein.

100.  Defendant Charter's actions constitute retaliation and retaliatory discharge in violation

of KRS 344.280, *et seq*.

101.  As a direct and proximate cause of Defendant Cornett's actions, Plaintiff suffered and

will continue to suffer loss, harm, and is thus entitled to compensatory damages that satisfies the

jurisdictional prerequisite of this Circuit Court, the specific amount to be proven at trial.

102.  Further, the conduct of the defendant was so malicious, willful, wanton and oppressive

that it justifies the award of punitive damages in an amount to be determined at trial.

<div align="center">

**COUNT X**
**DEFAMATION**
**BY CHRISOPHER CORNETT**

</div>

103.  Plaintiff repeats and incorporates herein by reference the averments in the preceding

paragraphs of this Complaint as if reprinted herein.

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

COM : 000014 of 000019

Filed          19-CI-007574      12/02/2019        David L. Nicholson, Jefferson Circuit Clerk

Filed          19-CI-007574     12/02/2019          David L. Nicholson, Jefferson Circuit Clerk

                                                                    NOT ORIGINAL DOCUMENT
                                                                    01/02/2020 08:35:33 AM
                                                                    58310-2

104.  Defendant Cornett made and published false statements regarding the Plaintiff, knowing they were false, alleging misconduct on the part of the Plaintiff.  These statements, or at the very least their summarized contents, were published by electronic mail within and beyond Charter's communication systems.

105.  The defamatory language harmed the reputation of the Plaintiff as to lower him in estimation of the community and to deter third persons from associating and dealing with him.

106.  Based upon all current information and belief, the false statements about the Plaintiff, made by Defendant Cornett and dissemination of such statements was neither unactionable opinion, imprecise, nor rhetorical hyperbole, but were in fact maliciously uttered publications and amount to abuse.

107.  Viewed in the context of the entire collection of emails, the language in the publications can be construed to impute the commission of conduct that is incompatible with their business, trade, or profession of the Plaintiff and Charter, exposed the Plaintiff to public hatred, ridicule, contempt, disgrace, and induced an evil opinion of him in the minds of people. They prejudiced and injured the Plaintiff in his profession, trade, and business.  By charging the Plaintiff in his official capacity with the want of integrity and malfeasance, the publications were a direct attack on the Plaintiff by Charter and its agents.

108.  As a direct and proximate cause of Defendants' Charter's actions, Plaintiff was defamed, and his reputation was injured. Plaintiff has and will continue to suffer loss, harm, and damages in the form of lost wages, benefits, perks, personal financial loss, mental pain and suffering, embarrassment, and mortification of feelings, which will continue to affect his daily life.

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

COM : 000015 of 000019

Filed          19-CI-007574     12/02/2019          David L. Nicholson, Jefferson Circuit Clerk

Filed          19-CI-007574     12/02/2019          David L. Nicholson, Jefferson Circuit Clerk DOCUMENT
01/02/2020 08:35:33 AM
58310-2

109.  Plaintiff is thus entitled to compensatory damages that satisfies the jurisdictional prerequisite of this Circuit Court, the specific amount to be proven at trial.

110.  Further, the conduct of the defendant was so malicious, willful, wanton and oppressive that it justifies the award of punitive damages in an amount to be determined at trial.

### COUNT XI
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### BY CHRISTOPHER CORNETT

111.  Plaintiff repeats and incorporates herein by reference the averments in the preceding paragraphs of this Complaint as if reprinted herein.

112.  The failure by Defendant Charter, a major corporation with vast resources, to terminate in a reasonable and prompt time Defendant Cornett's access to their systems following notification of his termination of employment was either intentional, or at the very least reckless.

113.  Christopher Cornett, because of his privileges with Charter at the time, would still be considered an employee of Charter and thus Charter is vicariously liable for his intentional acts.

114.  Defendant Charter allowed Christopher Cornett to access its systems and in doing so allowed the dissemination of false and harmful statements about the Plaintiff to Plaintiff's colleagues and fellow employees, despite Charter's exclusive control on all aspects of access to their communication systems.

115.  Defendant Cornett's outrageous and intolerable conduct was so outrageous in character, so extreme of degree as to go beyond all possible bounds of decency, atrocious and utterly intolerable in civilized society, that it offends against the generally accepted standards of decency and morality.

116.  Defendant Cornett acted within the bounds of his employment at Charter.

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

COM : 000016 of 000019

Filed          19-CI-007574     12/02/2019          David L. Nicholson, Jefferson Circuit Clerk

Case 3:20-cv-00005-CRS    Document 1-2    Filed 01/03/20    Page 17 of 45 PageID #: 24

117.  As a direct and proximate cause of Defendants' conduct, Plaintiff has and will continue to suffer loss, harm, and damages in the form of extreme mental pain and suffering, embarrassment, and mortification of feelings, which affects his everyday life.

118.  Plaintiff is thus entitled to compensatory damages that satisfies the jurisdictional prerequisite of this Circuit Court, the specific amount to be proven at trial.

119.  Further, the conduct of the defendant was so malicious, willful, wanton and oppressive that it justifies the award of punitive damages in an amount to be determined at trial.

## COUNT XII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
## BY CHARTER – VICARIOUS LIABILITY

120.  Plaintiff repeats and incorporates herein by reference the averments in the preceding paragraphs of this Complaint as if reprinted herein.

121.  Charter is liable for its employee's, Defendants' Cornett's, intentional infliction of emotional distress against the Plaintiff.

122.  As a direct and proximate cause of Defendant Charter's conduct, Plaintiff has and will continue to suffer loss, harm, and damages in the form of extreme mental pain and suffering, embarrassment, and mortification of feelings, which will continue to affect his daily life.

123.  Plaintiff is thus entitled to compensatory damages that satisfies the jurisdictional prerequisite of this Circuit Court, the specific amount to be proven at trial.

124.  Further, the conduct of the defendant was so malicious, willful, wanton and oppressive that it justifies the award of punitive damages in an amount to be determined at trial.

## COUNT XIII
## VIOLATION OF PRIVACY BY
## CHRISTOPHER CORNETT – DISCLOSURE

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

COM : 000017 of 000019

17

Filed          19-CI-007574    12/02/2019        David L. Nicholson, Jefferson Circuit Clerk DOCUMENT
01/02/2020 08:35:33 AM
58310-2

125.  Plaintiff repeats and incorporates herein by reference the averments in the preceding paragraphs of this Complaint as if reprinted herein.

126.  Defendant Charter invaded Plaintiff's privacy when it allowed its employee, Christopher Cornett, to disseminate private information to Charter's employees.

127.  The access and dissemination were an unreasonable intrusion upon the of the Plaintiff.

128.  The access and dissemination were an unreasonable publicity of the Plaintiff's private life.

129.  This communication not that of a privileged nature made by Charter's agent with an interest in communication to another having a corresponding interest.

130.  The unreasonable actions by Charter amounted to abuse when they allowed Christopher Cornett to make the communications.

131.  The communication was maliciously and falsely uttered, made with malevolence and ill-will.

132.  The actions of Defendant Cornett were so outrageous, oppressive, malicious, and willful as to warrant the award of punitive damages.

133.  As a direct and proximate cause of Defendant Charter's actions, Plaintiff suffered loss, harm, and damages and is thus entitled to compensatory and punitive damages that satisfies the jurisdictional prerequisite of this Circuit Court, the specific amount to be proven at trial.

### COUNT XIV
### VIOLATION OF PRIVACY DISCLOSURE
### BY CHARTER – VICARIOUS LIABILITY

134.  Plaintiff repeats and incorporates herein by reference the averments in the preceding paragraphs of this Complaint as if reprinted herein.

135.  Defendant Charter is liable for the intentional acts of its employee Defendant Cornett.

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

COM : 000018 of 000019

Filed          19-CI-007574    12/02/2019        David L. Nicholson, Jefferson Circuit Clerk

Filed          19-CI-007574     12/02/2019          David L. Nicholson, Jefferson Circuit Clerk          DOCUMENT

01/02/2020 08:35:33 AM
58310-2

136.  As a direct and proximate cause, Plaintiff suffered loss, harm, and damages and is thus entitled to compensatory damages that satisfies the jurisdictional prerequisite of this Circuit Court, the specific amount to be proven at trial.

137.  Further, the conduct of the defendant was so malicious, willful, wanton and oppressive that it justifies the award of punitive damages in an amount to be determined at trial.

WHEREFORE, the Plaintiff, by counsel, hereby demands judgement against the Defendants, jointly and severally, as follows:

1.  Judgment in their favor for compensatory damages in an amount in that satisfies the jurisdictional prerequisite of Circuit Court, the specific amount to be proven at trial;

2.  Judgment in their favor for punitive damages in an amount in that satisfies the jurisdictional prerequisite of Circuit Court, the specific amount to be proven at trial;

3.  For Plaintiff's costs herein expended, including reasonable attorneys' fees to the extent recoverable by law;

4.  For leave of court to amend this Complaint to conform to the evidence; and

5.  Any and all other relief to which this Court may find Plaintiff entitled.

Respectfully Submitted,

*s/Nader George Shunnarah*

NADER GEORGE SHUNNARAH
Kentucky Home Life Building, Suite 1800
239 S. 5th Street
Louisville, KY 40202
Phone: (502) 587-7919
Email: shunnarahlaw@gmail.com
*Counsel or Plaintiff*

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

COM : 000019 of 000019

19



**Commonwealth of Kentucky**

**David L. Nicholson, Jefferson Circuit Clerk**

NOT ORIGINAL DOCUMENT
01/02/2020 08:46:06 AM
58310-2

| | |
|---|---|
| **Case #:** 19-CI-007574 | **Envelope #:** 2078193 |
| **Received From:** NADER SHUNNARAH | **Account Of:** NADER SHUNNARAH |
| **Case Title:** ANDERSON, PETER W VS. CHARTER COMMUNICATIONS D/B/A SPECTRUM, | **Confirmation Number:** 101982214 |
| **Filed On** 12/2/2019   4:04:57PM | |

| # | Item Description | Amount |
|---|---|---|
| 1 | Access To Justice Fee | $20.00 |
| 2 | Civil Filing Fee | $150.00 |
| 3 | Money Collected For Others(Court Tech. Fee) | $20.00 |
| 4 | Library Fee | $3.00 |
| 5 | Money Collected For Others(Attorney Tax Fee) | $5.00 |
| 6 | Money Collected For Others(Postage) | $26.00 |
| 7 | Charges For Services(Copy - Photocopy) | $7.00 |
| 8 | Money Collected For Others(Postage) | $14.05 |
| 9 | Money Collected For Others(Secretary of State) | $15.30 |
| 10 | Charges For Services(Copy - Photocopy) | $7.00 |
| 11 | Charges For Services(Attestation) | $0.50 |
| | **TOTAL:** | $267.85 |

19-CI-007574    12/02/2019    David L. Nicholson, Jefferson Circuit Clerk DOCUMENT
01/02/2020 08:42:20 AM
58310-2

CASE NO.

JEFFERSON COUNTY CIRCUIT COURT
DIVISION ____ (__)
HON. _____

PETER W. ANDERSON, JR.                                              PLAINTIFF

v.

CHARTER COMMUNICATIONS,
d/b/a SPECTRUM, et al.                                            DEFENDANTS

**PLAINTIFF'S FIRST SET OF INTERROGATORIES
PROPOUNDED TO THE DEFENDANT
CHARTER COMMUNICATIONS, d/b/a SPECTRUM**

Comes the Plaintiff, Peter W. Anderson, Jr., by counsel, submits to the Defendant Charter Communications, d/b/a Spectrum, (hereafter "You", "Charter", or "Defendant") to be answered within 45 days under oath as prescribed by CR 33 of the Kentucky Rules of Civil Procedure. Charter is hereby notified that these Interrogatories shall be deemed continuing Interrogatories. You are requested to supplement your responses to include all information later acquired relating to the above questions that may add to, change, or correct your answers, as soon as reasonably possible after acquiring such new information. Furthermore, if Defendant claims any document, file or record is privileged, request is hereby made that Defendant prepare a log of said items to be presented to the court.

INTERROGATORIES

1. Please state the full name, address, date of birth, social security number, and occupation of the person or persons providing the information to answer these interrogatories.

ANSWER:

2. Please provide the current and/or last known residential and work addresses for Defendant, Christopher Cornett.

ANSWER:

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

INT : 000001 of 000008

3.  Please provide any pseudonyms, alternative identifications, nicknames, and aliases used by Charter and its agents, in any context or medium of communications, for the Plaintiff and Christopher Cornett.

ANSWER:

4.  State any and all facts, circumstances and evidence regarding how and why Plaintiff's employment was terminated.

ANSWER:

5.  Please state the reason stated in Plaintiff's employment record as to the cause for his termination.

ANSWER:

6.  Were any measures attempted to remedy the cause for termination prior to Plaintiff's termination, if not please explain why.

ANSWER:

7.  Identify any and all documents, documents, emails, internal memos, and any other form of communication regarding Plaintiff's termination.

ANSWER:

8.  State in detail any complaints made by or against Plaintiff, when and where those complaints were made, and the nature of the complaint(s).

ANSWER:

9.  Please state any complaints made by or against Christopher Cornett.

ANSWER:

10.  What is the protocol and procedure for an employee who is quitting or states to a supervisor that they are quitting?

ANSWER:

11.  Who is/are the individual(s) who makes the decision to terminate a Charter employee's employment, and who executes/effectuates that decision?

ANSWER:

12.  What is the protocol and procedure for Charter terminating an employee's official employment and privileges to Charter's property and systems?

ANSWER:

13.  What privileges does an employee who says they quit have and how long do those privileges last?

ANSWER:

14.  What steps does Charter take to prevent employee from impermissibly accessing Charter's systems after Charter's managerial agents are notified an employee stated they quit?

ANSWER:

15.  When did Charter's agents learn of Christopher Cornett's quitting?

ANSWER:

16.  State the date and time that Christopher Cornett was officially terminated as an employee.

ANSWER:

17.  What steps did Charter take after they were notified by Plaintiff that Christopher Cornett had quit?

ANSWER:

18.  Who was supposed to take the steps referred to in Interrogatory No. 16?

ANSWER:

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

INT : 000003 of 000008

Filed        19-CI-007574    12/02/2019        David L. Nicholson, Jefferson Circuit Clerk    DOCUMENT
01/02/2020 08:42:20 AM
58310-2

19.  Did the person referred they take the steps referred to in Interrogatory No. 16, and if so when did they take them?

ANSWER:

20.  With respect to any and all forms of defense(s) that you assert in this case, please provide the following in full and complete detail:

a. the full and complete factual basis for each such defense;

b. the identity of all witnesses supporting each such defense and the knowledge and expected testimony of each such witness supporting each such defense;

c. identify all documents supporting each such defense.

ANSWER:

21.  Please describe in full and complete detail all other incidents, claims, or disputes in any way involving or relating to termination or employment practices relating to the Plaintiff, stating and identifying with respect to each such incident, claim or dispute:

a. the persons or entities who were or are parties to, witness to and involved in each such incident, claim or dispute;

b. the dates of each such incident, claim or dispute, including the date of initiation and resolution (if any) of the same;

c. the subject matter of, basis for and reason for each such incident, claim or dispute; and

d. identify all documents relating to each such incident, claim or dispute

ANSWER:

22.  State the last known full legal name, address, telephone number, email address, and place of employment for the following individuals employed at Charter during the time of Plaintiff's termination.

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

INT : 000004 of 000008

Filed          19-CI-007574     12/02/2019          David L. Nicholson, Jefferson Circuit Clerk   DOCUMENT
                                                                                          01/02/2020 08:42:20 AM
                                                                                                  58310-2

a. Christopher Cornett

b. Khalil Johnson

c. Phil Geeverghese

d. Manager Jerry Mascho

e. Michael Dumberg

f. Matt Loomis

g. Heather Carson

h. Madeline Harrel

i. Jennifer N. Page

j. Kayla Joy Sanford

k. Matt Loomis

l. John Hillerich

m. Douglas Connelly

    ANSWER:

23. For any statements and/or communications, oral, written, or electronic, made about the Plaintiff by agents/employees of Charter between November 1, 2018 to present, please provide the following:

a.  The contents and nature of the statement

b.  To whom you made the statement

c.  When you made the statement

d.  In what medium you made the statement.

    ANSWER:

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

INT : 000005 of 000008

Filed          19-CI-007574     12/02/2019        David L. Nicholson, Jefferson Circuit Clerk          DOCUMENT
01/02/2020 08:42:20 AM
58310-2

24.   Have any other employees in a similar position as the Plaintiff been disciplined under similar circumstances or for the same reason as the Plaintiff?  If so, state their current full legal name, when they were disciplined, to what extent, their last known address, phone number, email address, and place of employment.

ANSWER:

25.   State the hierarchical structure of employees and supervisors for the Plaintiff and Christopher Cornett, including who would be working with them, under them, who they would report to, and who would have authority over their status at Charter, from entry level agents of Charter to management and the Executive Board of Directors.

ANSWER:

26.   State any plans or intentions of Charter to layoff or terminate managers, including but not limited to third shift Network Operations Managers, and the nature of those layoffs/terminations/severances, including who received a buyout or severance and who was terminated for other reasons.

ANSWER:

27.   Were any photographs, maps, diagrams, or other exhibits prepared concerning this case?  If yes, list said items and state the name, address, occupation, and telephone number of the person who prepared and who has possession of said items.

ANSWER:

28.   State the name, occupation, business address and telephone number, residence address and telephone number of each witness (expert or otherwise) you intend or expect to call or rely upon in the trial of this action, together with a summary of the matters to be testified about within the knowledge of each such witness.

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

INT : 000006 of 000008

Filed          19-CI-007574      12/02/2019       David L. Nicholson, Jefferson Circuit Clerk DOCUMENT
01/02/2020 08:42:20 AM
58310-2

ANSWER:

29.  Please state the following for each person that you expect to provide evidence as an

expert in this case:

a.  The name, address and telephone number of the expert.

b.  The subject matter on which the expert is expected to provide evidence.

c.  The substance of facts and opinions to which the expert is expected to provide

 evidence.

d.  A summary of the grounds for the opinion (s) of the expert.

e.  Produce a copy of his or her current vitae.

ANSWER:

30.  State the name, occupation, business address and telephone number, residence

address and telephone number of each person who may have any knowledge or information

regarding the facts of this case together with a summary of the matters within the knowledge of

such person.

ANSWER:

Respectfully submitted,

*s/ Nader George Shunnarah*

_____
NADER GEORGE SHUNNARAH
Counsel for Plaintiff
Kentucky Home Life Building
239 South Fifth Str., Ste. 1800
Louisville, KY 40202
Telephone:  502-587-7919
shunnarahlaw@gmail.com

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

INT : 000007 of 000008

Filed          19-CI-007574     12/02/2019          David L. Nicholson, Jefferson Circuit Clerk    DOCUMENT
01/02/2020 08:42:20 AM
58310-2

## CERTIFICATE OF SERVICE

It is hereby certified that a true copy of the foregoing document was served by first class

mail, postage pre-paid, upon Corporations Service Company at 421 West Main Street, Frankfort,

KY 40601 and Christopher Cornett at 229 Butler Avenue, Apartment 231, Charlestown IN, 4711

on this 2nd day of December 2019.

*s/ Nader George Shunnarah*

_____

Nader George Shunnarah

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

INT : 000008 of 000008

Filed          19-CI-007574    12/02/2019          David L. Nicholson, Jefferson Circuit Clerk   NOT ORIGINAL DOCUMENT
01/02/2020 08:43:18 AM
58310-2

CASE NO.                                         JEFFERSON COUNTY CIRCUIT COURT
                                                 DIVISION _____ (__)
                                                 HON. _____

PETER W. ANDERSON, JR.                                               PLAINTIFF

v.

CHARTER COMMUNICATIONS,
d/b/a SPECTRUM, et al.                                               DEFENDANTS

### PLAINTIFF'S FIRST SET OF REQUESTS FOR DOCUMENTS
### PROPOUNDED TO THE DEFENDANT
### CHARTER COMMUNICATIONS, d/b/a SPECTRUM

Comes the Plaintiff, Peter W. Anderson, Jr., by counsel, submits to the Defendant Charter Communications, d/b/a Spectrum, (hereafter "You", "Charter", or "Defendant") to be answered within 45 days under oath as prescribed by CR 34 of the Kentucky Rules of Civil Procedure. Charter is hereby notified that these Requests for Documents shall be deemed continuing Requests. You are requested to supplement your responses to include all information later acquired relating to the above questions that may add to, change, or correct your answers, as soon as reasonably possible after acquiring such new information. Furthermore, if Defendant claims any document, file or record is privileged, request is hereby made that Defendant prepare a log of said items to be presented to the court.

### REQUESTS FOR DOCUMENTS

1. Please state the full name, address, date of birth, social security number, and occupation of the person or persons providing the information to answer these requests for documents.

RESPONSE:

2. Provide any employment contract between the Plaintiff and Charter.

RESPONSE:

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

RPD : 000001 of 000006

Filed          19-CI-007574     12/02/2019          David L. Nicholson, Jefferson Circuit Clerk DOCUMENT
                                                                        01/02/2020 08:43:18 AM
                                                                        58310-2

3.  Provide the complete employee personnel file and any other file, document, correspondence, email, text message records, and any other tangible item regarding the Plaintiff.

RESPONSE:

4.  Provide the complete employee personnel file and any other file, document, correspondence, email, text message records, and any other tangible item for Christopher Cornett.

RESPONSE:

5.  Provide all written and electronic communications regarding or sent by Christopher Cornett regarding Plaintiff.

RESPONSE:

6.  Provide all emails or other communications sent by Christopher Cornett on or about November 30, 2018.

RESPONSE:

7.  Provide all access logs to Charter's property and computer systems for Christopher Cornett for all dates after November 28, 2018.

RESPONSE:

8.  Provide all communication records from Director Phil Geeverghese, Senior Manager Jerry Mascho, and Manager Michael Dumberg on or after November 1, 2018 regarding the employment and termination thereof for Christopher Cornett and Plaintiff.

RESPONSE:

9.  Provide all records and logs for termination of access to Charter's property and systems for Christopher Cornett.

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

RPD : 000002 of 000006

Filed          19-CI-007574      12/02/2019        David L. Nicholson, Jefferson Circuit Clerk

NOT ORIGINAL DOCUMENT
01/02/2020 08:43:18 AM
58310-2

RESPONSE:

10.  Provide all documentation in effect from November 30, 2018 to December 20, 2018 regarding employee policies, the policies for termination of employment, access privileges to Charter property and systems.

RESPONSE:

11.  Provide all audio recordings of meetings, conversations, and phone calls relating Christopher Cornett.

RESPONSE:

12.  Provide all audio recordings of meetings, conversations, and phone calls relating the Plaintiff.

RESPONSE:

13.  Provide all records and documentation of disciplinary complaints or actions taken against the Plaintiff.

RESPONSE:

14. Provide any records of any instances where investigations of Plaintiff for alleged violations of Charter's employee policies, including but not limited to using inappropriate language where either a Charter or non-Charter third party could hear its use.

RESPONSE:

15.  Provide all records and documentation of efforts made to remedy violations by the Plaintiff or complaints against the Plaintiff.

RESPONSE:

16.  Provide all records of pay rates, benefits, bonuses, stock options, and perks to Plaintiff by Charter as part of his employment with Charter.

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

RPD : 000003 of 000006

Filed          19-CI-007574      12/02/2019        David L. Nicholson, Jefferson Circuit Clerk

Filed          19-CI-007574      12/02/2019          David L. Nicholson, Jefferson Circuit Clerk          DOCUMENT
                                                                                                01/02/2020 08:43:18 AM
                                                                                                58310-2

RESPONSE:

17.  Provide any documentation or electronic correspondence by any employee of Charter

regarding the Plaintiff and/or the termination of any employees in his position after he was

terminated.

RESPONSE:

18.  Provide any records of Charter's efforts in replacing Plaintiff and filling the position

he held after his termination.

RESPONSE:

19.  Provide any documentation of Charter's plans or undertakings to terminate Plaintiff's

position prior to and after November 30, 2018.

RESPONSE:

20.  Provide all exhibits Charter intends or expects to present in the trial of this matter.

RESPONSE:

21. Please produce a copy of all correspondence, memoranda, notes, internal memoranda,

inter-office memos, facsimiles, and/or any other writing between Charter, the Plaintiffs, and

Defendant Cornett regarding the subject matter of this litigation.

RESPONSE:

22.  Please produce a copy of all correspondence, memoranda, notes, internal

memoranda, inter-office memos, facsimiles, and/or any other writing between yourself and any

third party regarding the subject matter of this litigation.

RESPONSE:

23.  Please produce a complete copy of all documents related to the Plaintiffs' claim,

including, but not limited to, all internal memoranda and investigative reports, underwriting files,

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

RPD : 000004 of 000006

Filed          19-CI-007574    12/02/2019          David L. Nicholson, Jefferson Circuit Clerk          NOT ORIGINAL DOCUMENT
                                                                                          01/02/2020 08:43:18 AM
                                                                                          58310-2

and claim files, regardless of where such documents are located and/or kept by you; and, an
identification of where each document was/is maintained.

RESPONSE:

24.  Any and all documents and communications containing the name, home and business
address and qualifications of all persons who have been retained or specially employed by
Defendant in anticipation of litigation or preparation for trial and who are not expected to be
called as witnesses at trial or as to whom no such decision has yet been made, and attach any
documents or communications received from said person(s).  If there are no documents or
communications, then the name of said person(s) as well as their home and business address
should be provided.

RESPONSE:

25.  The name, home and business address, background and qualifications of any and all
persons in the employ of Defendant(s), who in anticipation and/or preparation of litigation, is
expected to be called to trial.

RESPONSE:

26.  Reports, communications, and/or documents prepared by any and all experts who
will testify at trial.

RESPONSE:

27.  Reports, manuals, textbooks, policy sheets or other documents, or communications
which any said expert, potential expert, witness or potential witness has consulted or reviewed as
a result or in preparation of this litigation or will consult or review.

RESPONSE:

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

RPD : 000005 of 000006

28.  Any and all documents and communications substantiating any defense to Plaintiff's

cause of action.

RESPONSE:

29.  Any and all documents and communications substantiating the claims of Plaintiff's

cause of action.

RESPONSE:

30.  Any and all documents of any nature whatsoever referred to in Defendant's Answers

to Plaintiffs' interrogatories.

RESPONSE:

31.  Documents received pursuant to Subpoena request.

RESPONSE:

Respectfully submitted,
*s/ Nader George Shunnarah*

_____
NADER GEORGE SHUNNARAH
*Counsel for Plaintiff*
Kentucky Home Life Building
239 South Fifth Str., Ste. 1800
Louisville, KY 40202
Telephone:  502-587-7919
shunnarahlaw@gmail.com

**CERTIFICATE OF SERVICE**

It is hereby certified that a true copy of the foregoing document was served by first class

mail, postage pre-paid, upon Corporations Service Company at 421 West Main Street, Frankfort,

KY 40601 and Christopher Cornett at 229 Butler Avenue, Apartment 231, Charlestown IN, 4711

on this 2nd day of December 2019.

*s/ Nader George Shunnarah*

_____
Nader George Shunnarah

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

RPD : 000006 of 000006



AOC-E-105　　　Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice　　Courts.ky.gov

CR 4.02; Cr Official Form 1

NOT ORIGINAL DOCUMENT
01/02/2020 08:39:28 AM
58310-2

Case #: **19-CI-007574**
Court: **CIRCUIT**
County: **JEFFERSON Circuit**

# CIVIL SUMMONS

*Plantiff,* **ANDERSON, PETER W VS. CHARTER COMMUNICATIONS D/B/A SPECTRUM,**, *Defendant*

TO: **CHRISTOPHER CORNETT**
　　**229 BUTLER AVE.**
　　**APT. 231**
　　**CHARLESTOWN, IN 47111**

The Commonwealth of Kentucky to Defendant:

　You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Davis L. Nicholson*

Jefferson Circuit Clerk
Date: **12/2/2019**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

　　To: _____

☐ Not Served because: _____

　Date: _____, 20_____　　　_____
　　　　　　　　　　　　　　　　　　　　　Served By

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Title

Summons ID: @00000931341
CIRCUIT: 19-CI-007574 Long Arm Statute – SOS - Restricted Delivery
ANDERSON, PETER W VS. CHARTER COMMUNICATIONS D/B/A SPECTRUM,



Page 1 of 1

eFiled

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

CI : 000001 of 000001

| AOC-E-105 | Sum Code: CI | | NOT ORIGINAL DOCUMENT |
|---|---|---|---|
| Rev. 9-14 | | | 01/02/2020 08:41:25 AM |



Commonwealth of Kentucky
Court of Justice    Courts.ky.gov

CR 4.02; Cr Official Form 1

58310-2

Case #: **19-CI-007574**
Court: **CIRCUIT**
County: **JEFFERSON Circuit**

# CIVIL SUMMONS

*Plantiff,* **ANDERSON, PETER W VS. CHARTER COMMUNICATIONS D/B/A SPECTRUM,**, *Defendant*

TO: **CORPORATION SERVICE COMPANY**

   **421 WEST MAIN STREET**

   **FRANKFORT, KY 40601**

Memo: Related party is CHARTER COMMUNICATIONS D/B/A SPECTRUM

The Commonwealth of Kentucky to Defendant:
**CHARTER COMMUNICATIONS D/B/A SPECTRUM**

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Davis L. Nicholson*

Jefferson Circuit Clerk
Date: **12/2/2019**

<div style="text-align:right">Presiding Judge: HON. AUDRA J. ECKERLE (630291)</div>

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

   Date: _____, 20_____

   _____
   Served By

   _____
   Title

CI : 000001 of 000001

Summons ID: @00000931342
CIRCUIT: 19-CI-007574 Certified Mail
ANDERSON, PETER W VS. CHARTER COMMUNICATIONS D/B/A SPECTRUM,



Page 1 of 1



NOT ORIGINAL DOCUMENT
01/02/2020 08:38:34 AM
58310-2

| | | |
|---|---|---|
| AOC-E-105 Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice   Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 |  | Case #: **19-CI-007574**<br>Court: **CIRCUIT**<br>County: **JEFFERSON Circuit** |

# CIVIL SUMMONS

*Plaintiff,* **ANDERSON, PETER W VS. CHARTER COMMUNICATIONS D/B/A SPECTRUM,**, *Defendant*

TO:  **CHARTER COMMUNICATIONS D/B/A SPECTRUM**

**112405 POWERSCOURT DRIVE**

**SAINT LOUIS, MO 63131**

Memo:  Registered Agent of Service exists.

The Commonwealth of Kentucky to Defendant:

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Davis L. Nicholson*

Jefferson Circuit Clerk
Date: **12/2/2019**

---

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20_____

_____
Served By

_____
Title

*(right margin, vertical text)* Presiding Judge: HON. AUDRA J. ECKERLE (630291)

*(right margin, vertical text)* CI : 000001 of 000001



eFiled

FILED IN CLERKS OFF
JEFFERSON CIRCUIT CT

2019 DEC 19  PM 2: 07

CLERK'S

BY _____ D.C.

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ☒ Complete items 1, 2, and 3. | A. Signature |
| ☒ Print your name and address on the reverse so that we can return the card to you. | X _____ ☐ Agent ☐ Addressee |
| ☒ Attach this card to the back of the mailpiece, or on the front if space permits. | B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to: | D. Is delivery address different from item 1? ☐ Yes If YES, enter delivery address below: ☐ No |

SC 7

1. Article Addressed to:

CHARTER CommunicATions
CORPORATION SerVice Co.
421 West main Street
FRANKFORT, KY 40601
19-CI-7574

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 5353 9189 6297 45

| 3. Service Type | ☐ Priority Mail Express® |
|---|---|
| ☐ Adult Signature | ☐ Registered Mail™ |
| ☐ Adult Signature Restricted Delivery | ☐ Registered Mail Restricted Delivery |
| ☐ Certified Mail® | ☐ Return Receipt for Merchandise |
| ☐ Certified Mail Restricted Delivery | |
| ☐ Collect on Delivery | ☐ Signature Confirmation™ |
| ☐ Collect on Delivery Restricted Delivery | ☐ Signature Confirmation Restricted Delivery |
| ☐ ed Mail | |
| ☐ ed Mail Restricted Delivery ($500) | |

2. Article Number (Transfer from service label)

7019 0620 0000 0820 4796

PS Form 3811, July 2015 PSN 7530-02-000-9053                 Domestic Return Receipt

FILED IN CLERKS OFF
JEFFERSON CIRCUIT CT

2019 DEC 17  PM 12: 18

CLERK 8

BY _____ D.C.

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.    SC  7

1. Article Addressed to:

CHRISTOPHER CORNETT

SECRETARY OF STATE
PO BOX 718
FRANKFORT, KY  40602

19-CI-7574

9590 9402 5353 9189 6297 52

2. Article Number (Transfer from service label)

7014 0510 0002 0450 4215

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X                                    ☐ Agent
                                     ☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:    ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ____ Mail
☐ ____ Mail Restricted Delivery
   ($500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

# Clark County Sheriff's Office

## Civil Paper Worksheet

**Print Date/Time:**  12/10/2019 10:38
**Process Number:**  2019-00007688
**Paper Type:**  SUMMONS
**Docket Number:**  19-CI-007574
**Expiration Date:**
**Received Date:**  12/10/2019 00:00
**Plaintiff(s)**

FILED IN CLERK'S OFFICE
DAVID L. NICHOLSON, CLERK

DEC 17 2019

DEPUTY CLERK

**Defendant(s)**

**Person To Be Served:**  CORNETT, CHRISTOPHER
**Alerts:**  None
**Serve At:**  229 BUTLER AVE APT 231
Charlestown, IN 47111
**Phone:**
**Date of Birth:**

## Special Notes

**Date of Service:** _____   **Time of Service:** _____
**Paper was served:** _____ Personally  _____ Other
**If other, specify:** _____
**Address at which paper was served:** _____

## Service Notes:

93-443 Reisinger

12-11-19

Left Copy

_____
**Officer Name (Print)**

_____
**Officer Signature**



FILED IN CLERKS OFF
JEFFERSON CIRCUIT CT

2019 DEC 10  PM 12: 32

CLERK 6

BY _____ D.C.

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)  C. Date of Delivery<br>Pa. |
| 1. Article Addressed to:<br><br>CHARTER COMMUNICATIONS<br>112405 POWERSCOURT DR.<br>SAINT LOUIS, MO 63131<br><br>19-CI-7574 | D. Is delivery address different from item 1?  ☐ Yes<br>If YES, enter delivery address below:  ☐ No |

SC 7

9590 9402 5353 9189 6297 38

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery ($500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)

7019 0700 0000 0749 7513

PS Form 3811, July 2015 PSN 7530-02-000-9053

Domestic Return Receipt

## CERTIFICATE OF SERVICE

It is hereby certified that a true copy of the foregoing document was served by first class mail, postage pre-paid, upon Corporations Service Company at 421 West Main Street, Frankfort, KY 40601 and Christopher Cornett at 229 Butler Avenue, Apartment 231, Charlestown IN, 4711 on this 2nd day of December 2019.

*s/ Nader George Shunnarah*
_____
Nader George Shunnarah

| | | |
|---|---|---|
| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | **Case #:** 19-CI-007574<br>**Court:** **CIRCUIT**<br>**County:** **JEFFERSON Circuit** |

*Plantiff,* **ANDERSON, PETER W VS. CHARTER COMMUNICATIONS D/B/A SPECTRUM,**, *Defendant*

TO:  **CHARTER COMMUNICATIONS D/B/A SPECTRUM**

     **112405 POWERSCOURT DRIVE**

     **SAINT LOUIS, MO 63131**

Memo:  Registered Agent of Service exists.

The Commonwealth of Kentucky to Defendant:

     You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

<div align="right">

*David L. Nicholson*

Jefferson Circuit Clerk

Date: **12/2/2019**

</div>

**Proof of Se...**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other in...

     To: _____

☐ Not Served because: _____

Date: _____, 20_____

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$
Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)           $
☐ Return Receipt (electronic)          $
☐ Certified Mail Restricted Delivery   $
☐ Adult Signature Required             $
☐ Adult Signature Restricted Delivery  $
Postage
$
Total Postage and Fees
$
Sent To
Street and Apt. No., or PO Box No.
City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7019 0700 0002 0419 7513

<div align="right" style="writing-mode: vertical-rl">

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

CI : 000001 of 000001

</div>



     Page 1 of 1

*e*Filed

| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **19-CI-007574**<br>Court:    **CIRCUIT**<br>County: **JEFFERSON Circuit** |

*Plantiff,* **ANDERSON, PETER W VS. CHARTER COMMUNICATIONS D/B/A SPECTRUM,,** *Defendant*

TO:  **CORPORATION SERVICE COMPANY**
    **421 WEST MAIN STREET**
    **FRANKFORT, KY 40601**

Memo: Related party is CHARTER COMMUNICATIONS D/B/A SPECTRUM

The Commonwealth of Kentucky to Defendant:
**CHARTER COMMUNICATIONS D/B/A SPECTRUM**

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Davis L. Nicholson*

Jefferson Circuit Clerk
Date: **12/2/2019**

**Proof of Se** | U.S. Postal Service™<br>**CERTIFIED MAIL® RECEIPT**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other ini

    To: _____

☐ Not Served because: _____

    Date: _____, 20 _____

Summons ID: @00000931342
CIRCUIT: 19-CI-007574 Certified Mail
ANDERSON, PETER W VS. CHARTER COMMUNICATIONS D/B/A SPECTRUM,



Page 1 of 1

Presiding Judge: HON. AUDRA J. ECKERLE (630291)

CI : 000001 of 000001

**eFiled**

| AOC-E-105      Sum Code: CI |  | Case #: **19-CI-007574** |
|---|---|---|
| Rev. 9-14 | | Court:   **CIRCUIT** |
| Commonwealth of Kentucky | | County: **JEFFERSON Circuit** |
| Court of Justice   *Courts.ky.gov* | | |
| CR 4.02; Cr Official Form 1 | **CIVIL SUMMONS** | |

*Plantiff,* **ANDERSON, PETER W VS. CHARTER COMMUNICATIONS D/B/A SPECTRUM,,** *Defendant*

TO: **CHRISTOPHER CORNETT**
       **229 BUTLER AVE.**
       **APT. 231**
       **CHARLESTOWN, IN 47111**

The Commonwealth of Kentucky to Defendant:

    You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

                                         *Davis L. Nicholson*
                                         Jefferson Circuit Clerk
                                         Date: **12/2/2019**

<div style="text-align:right">Presiding Judge: HON. AUDRA J. ECKERLE (630291)</div>

| **Proof of Ser** | U.S. Postal Service™ **CERTIFIED MAIL® RECEIPT** *Domestic Mail Only* |
|---|---|
| This Summons was: | For delivery information, visit our website at *www.usps.com*® |
| ☐ Served by delivering a true copy and the Complaint (or other initi | **O F F I C I A L   U S E** |
|    To: _____ | Certified Mail Fee |
| | Extra Services & Fees *(check box, add fee as appropriate)* |
| | ☐ Return Receipt *(hardcopy)*        $ _____ |
| ☐ Not Served because: _____ | ☐ Return Receipt *(electronic)*      $ _____ |
| | ☐ Certified Mail Restricted Delivery  $ _____       Postmark |
| Date: _____, 20 ____ | ☐ Adult Signature Required          $ _____        Here |
| | ☐ Adult Signature Restricted Delivery $ _____ |
| | Postage |
| | $ |
| | Total Postage and Fees |
| | $ |
| | Sent To |
| | Street and Apt. No., or PO Box No. |
| | City, State, ZIP+4® |
| | PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions |

<div style="text-align:right">CI : 000001 of 000001</div>

Summons ID: @00000931341
CIRCUIT: 19-CI-007574 Long Arm Statute – SOS - Restricted Delivery
ANDERSON, PETER W VS. CHARTER COMMUNICATIONS D/B/A SPECTRUM,

Page 1 of 1

*eFiled*